IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00085-DSC

| | |
|---|---|
| MICHAEL RAY PHIPPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **MEMORANDUM AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #8) and Defendant's "Motion for Summary Judgment" (document #11), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment; grant Defendant's Motion for Summary Judgment; and affirm the Commissioner's decision.

**I. PROCEDURAL HISTORY**

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on June 28, 2022. He assigns error to the Administrative Law Judge's decision to "discount[] Mr. Phipps' testimony regarding the severity of his symptoms from insomnia based in part on a lack of objective evidence regarding his symptom severity."

"Plaintiff's Memorandum …" at 1-2, 4, 12-18 (document #9); "Plaintiff's Reply …" at 1-3 (document #13). Plaintiff also argues that the ALJ failed to resolve apparent conflicts between the Vocational Expert's testimony and the Dictionary of Occupational Titles ("DOT"). Specifically, he contends that the ALJ "fail[ed] to acknowledge or resolve apparent conflicts between [V.E.] testimony regarding jobs Mr. Phipps could perform with his residual functional capacity ("RFC")[1] and the [DOT], which appears to conflict with V.E. testimony that a person limited to no exposure to dangerous machinery could perform jobs requiring a worker to: use a floor polishing machine; load cars, collect shopping carts from a parking lot, and unload delivery trucks; and operate a dumbwaiter or conveyor belt." "Plaintiff's Memorandum …" at 2, 4, 18-25 (document #9); "Plaintiff's Reply …" at 3-5 (document #13).

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[2] The Court has carefully reviewed the record, the authorities and the parties' arguments. The ALJ applied

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

the correct legal standards. His conclusion that Plaintiff was not disabled is supported by substantial evidence.

Substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints and symptoms. Determining whether a claimant is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The Regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that his subjective complaints were not consistent with the medical record and other evidence. 20 C.F.R. § 404.1529(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.") The ALJ is responsible for making credibility determinations and resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d

1453, 1456 (4th Cir. 1990). The ALJ is accorded deference with respect to assessment of a claimant's credibility. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). It is well established that "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Id.

Plaintiff cites to the Fourth Circuit's decision in Arakas v. Comm'r Soc. Sec. Admin., 983 F.3d 83 (4th Cir. 2020) for the proposition that the ALJ's analysis was inadequate here. But in Arakas, the Court's holding was "that ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." 983 F.3d at 97. The ALJ did not rely on a lack of objective medical evidence to support his conclusion that Plaintiff's fibromyalgia related symptoms were not as severe as he claimed. Plaintiff does not point to any significant evidence that the ALJ failed to evaluate nor does he identify unresolved conflicts in the evidence. Those were essential to the Arakas decision. See Funderburk v. Saul, 3:20-CV-00334-FDW, 2021 WL 1721871, at *4 (W.D.N.C. Apr. 30, 2021) (distinguishing Arakas, 983 F.3d at 100); see also Walker v. Saul, 2021 WL 342570, at *10 (S.D.WVa. Jan. 6, 2021) (distinguishing Arakas where plaintiff failed to identify any conflicts in material evidence or misstatements, but rather invites the court to re-weigh the evidence).

The ALJ thoroughly discussed the record and his conclusion that Plaintiff's subjective complaints were not as severe as he claimed is supported by substantial evidence. (Tr. 19-25). Accordingly, this assignment of error must be overruled.

Plaintiff also contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving apparent conflicts with the DOT. The ALJ posed a hypothetical based upon Plaintiff's RFC, with a limitation for no exposure to workplace hazards including unprotected heights, dangerous machinery, ladders, ropes, or scaffolds. (Tr. 55). The V.E. testified that such a person

could perform the representative jobs of floor waxer, consisting of 15,000 jobs nationally; hospital food service worker, consisting of 64,000 jobs nationally; and bagger, consisting of 122,000 jobs nationally for a combined 201,000 jobs. (Tr. 56-57). The ALJ then asked whether her testimony was consistent with the DOT. (Tr. 59). The V.E. identified several instances where the testimony she provided was not addressed in the DOT and confirmed that her testimony on those issues was based upon her own education and training (Tr. 59). The ALJ and V.E. did not address whether the RFC restriction pertaining to workplace hazards conflicted with any of those jobs. (Tr. 59). Plaintiff contends that each of those jobs may include exposure to dangerous machinery.

In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

In essence, Plaintiff seeks to extend the Fourth Circuit's holding in Thomas v. Berryhill, 916 F.3d 307, 312 (4th Cir. 2019) ("while the ALJ stated that Thomas could not perform work

'requiring a production rate or demand pace,' she did not give us enough information to understand what those terms mean. A.R. 21."). Plaintiff argues that using a floor polishing machine, loading groceries into cars, collecting shopping carts from a parking lot, unloading delivery trucks, and operating a dumbwaiter or conveyor belt could amount to exposure to "dangerous machinery."

None of those jobs comport with the definition of exposure to dangerous machinery. The DOT listing for each job states that it does not require exposure to moving mechanical parts, electric shock, high exposed places, radiation, explosives, and toxic/caustic chemicals. Although the DOT does not expressly aggregate those elements into a definition of "dangerous machinery," its sister publication, the Selected Characteristic of Occupations, defines the similar term "hazardous machinery." See SSR 96-9P, 1996 WL 374185, at *9 (S.S.A. July 2, 1996). The "hazards" defined in the SCO include "moving mechanical parts of equipment, tools, or machinery; electric shock; working in high, exposed places; exposure to radiation; working with explosives; and exposure to toxic, caustic chemicals." Id. The jobs the V.E. identified do not involve those hazards. Accordingly, this assignment of error must also be overruled.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). There is substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and the ultimate determination that Plaintiff was not disabled.

## III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #8) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #11) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

Signed: January 4, 2023

**SO ORDERED.**

David S. Cayer
United States Magistrate Judge